ANTONIO ALMEIDA CARDOZA *vs.* AURORA PEREIRA *et al.*

JULY 7, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action in assumpsit on a promissory note signed by the defendants, as appears from the note, as joint makers. The defense is that there was no consideration and that defendants intended to sign as indorsers and not as joint makers. A verdict was directed for the plaintiff and the case is here on defendants' exceptions to the granting of plaintiff's motion for a directed verdict and to the denial of their motion that a verdict be directed in their favor.

Anacleto Pereira, whose name appears as a witness on the note, owed the plaintiff $1,000 on a promissory note on which $60 had been paid. The plaintiff notified said Pereira that he was going to Portugal and wanted a note for $960 with indorsers. Pereira went to one Marshall who prepared the note in suit and Pereira then obtained the signatures of the defendants, and brought the note to the plaintiff who accepted the same. The plaintiff did not prepare the note and there is no evidence that fraud or deceit was practiced on the defendants.

We are of the opinion that on the question of the capacity in which the defendants signed the note this case is controlled by the case of *Burke* v. *Jacobson*, 53 R. I. 173. The parties to a promissory note, on whom neither fraud nor deceit has been practiced, cannot by parol evidence show that they signed the note in any other capacity than that which appears on the note itself.

On the question of consideration, it is evident that the note was given in consideration of forbearance to press an existing obligation of Pereira to the plaintiff. To constitute a valid consideration, it is not necessary that it move from the promisee to the promisor. *Smith* v. *Pendleton*, 53 R. I. 79. The fact that the original note is in the possession of the plaintiff does not preclude recovery on the note in suit as plaintiff can recover only on the note on which he sues. The defendants are accommodation makers and can recover from Anacleto Pereira what they have been obligated to pay on his account. In order to protect their right of recovery from him, his note held by the plaintiff must be impounded in court before an execution shall issue in the present action.

The defendants' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*George Triedman*, for plaintiff.
*John F. Collins*, for defendant.

